IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZACHERY RICHMOND, an individual,<br><br>Plaintiff,<br>v.<br><br>RICK HARRISON; VAUN RYAN; RYAN SNOW, each as individuals, and ROOSEVELT CITY, through its Police Department, and for the official actions of the aforementioned Defendants; and DOES I-X, unknown persons in interest,<br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [20] PLAINTIFF'S MOTION TO FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:17-cv-00880-DN<br><br>District Judge David Nuffer |

Plaintiff Zachery Richmond ("Richmond") filed a motion for leave to file an amended complaint (the "Motion").[1] The proposed first amended complaint ("Amended Complaint") brings § 1983 claims for deprivation of procedural due process against Defendants Rick Harrison ("Harrison"), Ryan Snow ("Snow"), and Roosevelt City ("the City") (collectively "Defendants").[2] Defendants filed a memorandum in opposition to the Motion (the "Opposition").[3] Richmond replied in support (the "Reply").[4] For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

---

[1] Motion for Leave to File Amended Complaint and Memorandum in Support, docket no. 20, filed November 16, 2017.

[2] Motion, Exhibit 1, Proposed First Amended Complaint, docket no. 20-1, filed November 16, 2017.

[3] Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File Amended Complaint, docket no. 25, filed December 6, 2017.

[4] Reply in Support of Motion for Leave to File Amended Complaint, docket no. 26, filed December 14, 2017.

## BACKGROUND

Richmond filed his original Complaint on August 2, 2017.[5] The Complaint specified that Richmond was hired by the City's police department on October 24, 2012.[6] On June 16, 2016, Richmond was provided with a notice of termination.[7] The notice specified that the termination was due to a budgetary related reduction in force.[8] At some point prior to Richmond's termination, Richmond alleges that Harrison informed Richmond that he was a disciplinary problem and needed to be let go.[9] On June 30, 2016, Richmond's employment as a police officer with the City officially ended.[10]

In the original Complaint, Richmond argued that the reduction in force was a pretextual basis for his termination that was carried out without any procedural due process.[11] In addition to the Defendants Harrison, Snow, and Roosevelt City, the original Complaint named Vaun Ryan, the mayor of Roosevelt City at the time of Richmond's termination.[12] A summons and a copy of the Original Complaint for all four defendants was served on Harrison.[13] Defendants and Vaun Ryan filed a Motion to Quash, arguing that Harrison was not authorized to accept service

---

[5] Complaint, docket no. 2, filed August 2, 2017.

[6] *Id.* ¶ 10.

[7] *Id.* ¶ 11.

[8] *Id.*

[9] Complaint ¶ 16.

[10] *Id.* ¶ 12.

[11] *Id.* ¶ 18.

[12] *Id.* ¶ 5.

[13] Summons in a Civil Action, docket no. 4, filed August 7, 2017; Summons in a Civil Action, docket no. 5, filed August 7, 2017; Summons in a Civil Action, docket no. 6, filed August 7, 2017; and Summons in a Civil Action, docket no. 7, filed August 7, 2017.

for any of the other named defendants.[14] Harrison also filed a Motion to Dismiss, seeking dismissal of the causes of action against him in the original Complaint.[15]

In response to the issues raised in these two motions, Richmond sought consent from the Defendants and Vaun Ryan to amend the Complaint under Fed. R. Civ. P. 15(a)(2).[16] The proposed Amended Complaint dropped Vaun Ryan as a named defendant and provided additional, specific allegations regarding Defendants Snow and Harrison.[17] Defendants did not consent to the amendment and Richmond filed the Motion to Amend.[18]

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure allow amendments to pleadings "when justice so requires."[19] Leave to amend complaints should be "freely given,"[20] as long as the amendment would not be "futile,"[21] or otherwise susceptible to dismissal.[22] "Mere conclusory statements" will not survive dismissal:[23] a well-pleaded complaint requires sufficient factual allegations[24] to

---

[14] Defendants Vaun Ryan, Ryan Snow, and Roosevelt City's Motion to Quash for Deficient Service of Process, or, in the Alternative, Rule 12(b)(5) Motion to Dismiss, and Memorandum in Support, docket no. 15, filed September 22, 2017.

[15] Defendant Rick Harrison's Rule 12(B)(6) Motion to Dismiss Plaintiff's Complaint and Memorandum in Support, docket no. 16, filed September 22, 2017.

[16] Motion ¶ 10.

[17] Motion ¶ 11.

[18] Motion ¶ 13.

[19] Fed. R. Civ. P. Rule 15(a)(2).

[20] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[21] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007); *see also Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[22] *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001); *see also E.Spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[24] *Id.* at 679.

render the claims "plausible"[25] when considered in a light most favorable to the plaintiff.[26] This "factual content" must enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27]

While this pleading standard applies to all cases generally, it can have a particular "bite" in the context of § 1983 claims because plaintiffs must, in addition to sufficiently establishing a constitutional right and its violation, sufficiently respond to defendants' qualified immunity affirmative defense "at the earliest possible stage of litigation."[28]

## DISCUSSION

In support of the Motion to Amend, Richmond argues that the proposed Amended Complaint is not futile because it sufficiently alleges claims against Defendants Harrisons and Snow in their individual capacities.[29] Defendants argue in the Opposition that the Motion to Amend should be denied because the proposed Amended Complaint is futile as due process protections do not apply to employees discharged as a result layoffs or reorganizations.[30] Additionally, Defendants argue that, because the doctrine of qualified immunity requires pleading that a government actor individually acted in a way that violated constitutional protections, the motion to Amend should be denied as to Defendant Snow.[31] Defendants assert that the allegations in the proposed Amended Complaint do not show that Defendant Snow acted

---

[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[26] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[27] *Iqbal*, 556 U.S. at 678.

[28] *Robbins v. State of Okla.*, 519 F.3d at 1242, 1249 (10th Cir. 2008); see also *VanZandt v. Oklahoma Dep't of Human Servs.*, 276 Fed.App'x 843, 847 (10th Cir. 2008).

[29] Motion at 5.

[30] Opposition at 5–6.

[31] *Id.* at 6.

in this manner.[32] The issue of due process protections will be addressed first, followed by the issues pertaining to the allegations against Defendants in their individual capacities.

### The Proposed Amended Complaint Sufficiently Alleges the Constitutional Violation of Deprivation of Property and Liberty without Due Process

Richmond's proposed Amended Complaint alleges facts sufficient to render his claims of constitutional violations plausible and not futile. Bringing claims under § 1983, Richmond has alleged that he had a constitutional property right to continued public employment[33] as well as a liberty right to his good name and reputation,[34] and that Defendants violated those rights when he was terminated without "notice and . . . opportunity to be heard" regarding his termination and the reasons for that termination.[35] In Utah, a police officer "has a recognized property right in his job."[36] And while public employers owe no due process to employees terminated as "the result of a layoff or reorganization,"[37] public employees may bring procedural due process claims if they are "terminated for some form of misconduct without being given adequate opportunity to respond to the allegations."[38]

Additionally, one may bring a § 1983 claim for an "infringement upon a liberty interest" in one's reputation so long as it is connected with "tangible interests such as employment."[39] As a police officer, Richmond had a constitutional property right to continued public employment as well as a liberty right to his reputation in connection with future employment, and notably,

---

[32] *Id.* at 9.

[33] Amended Complaint ¶ 40.

[34] *Id.* ¶ 53.

[35] *Id.* ¶ 41; s*ee also Id.* ¶ 27–30.

[36] *Becker v. Sunset City*, 216 P.3d 367, 369 (Utah Ct. App. 2009); *see also* Utah Code Ann. § 10–3–1105(1) (2007); *id.* § 10–3–1106.

[37] Utah Code Ann. § 10–3–1105(1)(b) (2007).

[38] *Johnson v. City of Murray*, 909 F.Supp.2d 1265, 1293 (D. Utah 2012).

[39] *McGhee v. Draper*, 639 F.2d 639, 642–43 (10th Cir. 1981); *see also Paul v. Davis*, 424 U.S. 693, 701 (1976).

5

Defendants do not challenge the existence of such rights. The sole dispute in this case comes down to the motive behind Richmond's termination and whether it triggered his right to due process.

Taken in the light most favorable to Richmond, the facts alleged in the proposed Amended Complaint sufficiently plead that he was "terminated for some form of misconduct" and without the requisite process due to a police officer. While the Notice of Termination informed Richmond that his "termination was due to a reduction in force necessitated by budgetary constraints,"[40] Richmond alleges that documents from the City obtained post-termination reveal that he was terminated due to claims of, among other things, "high incidents [sic] of citizen complaints;" "complaints by other like agencies;" "history of adverse attitude and behavior towards supervisory personnel;" and "general management problems."[41]

Richmond further alleges that prior to termination, Harrison told him "he was a disciplinary problem and needed to be let go,"[42] and that subsequently Harrison "made statements to one or more individuals to the effect that Richmond's termination was based on vendetta and/or disciplinary issues," and not on "a necessary reduction in force."[43] Richmond also includes among his allegations that "Harrison exhibited disparate treatment"[44] towards him in his final months as an officer in Roosevelt City's police department, "singling out Richmond

---

[40] Amended Complaint ¶ 9.

[41] *Id.* ¶ 50.

[42] *Id.* ¶ 22.

[43] *Id.*

[44] Amended Complaint ¶ 43.

for discipline" even as "other officers within the department were not disciplined for similar acts."[45] Richmond requested due process after his termination, and was denied.[46]

When Richmond later attempted to apply for law enforcement jobs,[47] he alleges that "Defendants provided information to the Potential Employers"[48] which "gave the impression that Richmond had an extensive disciplinary history with the City, caused many problems while employed with the City, and was the source of many citizen complaints while employed with the City."[49] Taken together in the light most favorable to Richmond, the documents, Harrison's alleged comments to Richmond and others, as well as the allegations of disparate treatment and allegations of unchallenged negative information passed to potential employers plausibly plead that Richmond's due process was improperly denied him as to protected property and liberty interests, and thus that his constitutional rights were violated.

**The Proposed Amended Complaint Sufficiently Alleges Constitutional Violations as to Defendant Richmond but not to Defendant Snow**

Defendants Richmond and Snow are individually implicated only in the first cause of action of the proposed Amended Complaint for deprivation of a protected property interest without due process.[50] Although the alleged facts in the proposed Amended Complaint sufficiently plead this constitutional due process violation, the Amended Complaint only pleads the violation sufficiently against Defendant Harrison, but not against Snow.

---

[45] *Id.* ¶ 16.

[46] *Id.* ¶ 28.

[47] *Id.* ¶ 32.

[48] Amended Complaint ¶ 33.

[49] *Id.* ¶ 34.

[50] *Id.* at 8.

Due to qualified immunity, a § 1983 claim cannot survive dismissal if it is not clear "that each Government-official defendant, through his own individual actions, has violated the Constitution."[51] In other words, plaintiffs must show (1) each defendant acted in such a way to violate the plaintiff's constitutional rights, and (2) information available to defendants at the time made it "apparent" that they were "violating the plaintiff['s] 'clearly established' constitutional rights."[52] For the sake of a § 1983 claim, "a right is clearly established . . . 'when a Supreme Court or Tenth Circuit decision is on point[.]"[53] The constitutional property right to public employment[54] and liberty right to reputation[55] were both clearly established in the Tenth Circuit at the time of Richmond's termination. Therefore, Richmond may overcome Defendants' qualified immunity if he can show through the factual allegations that it should have been apparent to each defendant that his conduct violated Richmond's clearly established constitutional rights.

**Defendant Harrison**

As stated above, the proposed Amended Complaint plausibly alleges that Harrison should have been aware his conduct violated Richmond's constitutional rights relative to Richmond's property interest in public employment. That Harrison gave the Notice of Termination to Richmond would, taken as true, indicate he was aware that Richmond's termination was

---

[51] *Iqbal*, 556 U.S. at 662; *see also Glover v. Mabrey*, 384 F. App'x 763, 767 (10th Cir. 2010).

[52] *Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987)); *see also Moya v. Garcia*, 895 F.3d 1229, 1232 (10th Cir. 2018) (quoting *Thomas v. Kraven*, 765 F.3d 1183, 1194 (10th Cir. 2014)).

[53] *Thomas*, 765 F.3d at 1194 (internal quotation omitted).

[54] *See, e.g.*, *Kingsford v. Salt Lake City School Dist.*, 247 F.3d 1123, 1128 (10th Cir. 2001); *Becker v. Sunset City*, 216 P.3d 367, 369 (Utah Ct. App. 2009); *Johnson v. City of Murray*, 909 F.Supp.2d 1265, 1293 (D. Utah 2012); *see also* Utah Code Ann. § 10–3–1105(1) (2007); *id.* § 10–3–1106.

[55] *See, e.g., Paul*, 424 U.S. at 701; *McGhee*, 639 F.2d at 642 –43.

officially "a reduction in force necessitated by budgetary constraints."[56] Yet according to Richmond, it was also Harrison who told him "he was a disciplinary problem" who "needed to be let go,"[57] and Harrison who subsequently "made statements to one or more individuals to the effect that Richmond's termination was based on vendetta and/or disciplinary issues," and not on "a necessary reduction in force."[58]

This discrepancy between the Notice's stated reason for termination and the nature of the comments allegedly made by Harrison plausibly suggest Harrison's awareness of the constitutional violation of Richmond's property interest. Thus, Richmond has alleged facts sufficient to overcome Harrison's qualified immunity and bring a cause of action against Harrison in his individual capacity.

**Defendant Snow**

Unlike the factual allegations regarding Harrison, the Amended Complaint does not allege enough specific facts against Snow, and therefore does not overcome his qualified immunity. While the Amended Complaint states that Snow stated in the letter dated June 30, 2016, that Richmond would not be able to appeal his termination,[59] Snow also asserted in the letter that the termination was for the same officially stated reasons from Richmond's June 16, 2016 notice of termination letter:[60] "a layoff"[61] due to "budgetary reasons."[62] The remaining

---

[56] Amended Complaint ¶ 9.

[57] *Id.* ¶ 22.

[58] *Id.*

[59] Amended Complaint ¶ 11.

[60] *Id.* ¶ 9.

[61] *Id.*

[62] Amended Complaint ¶ 10.

9

allegations do not plausibly demonstrate that Snow made this denial aware of any pretextual motivations for the termination.

The Amended Complaint attempts to allege that Snow was aware of Harrison's comments regarding disciplinary issues. But the mere existence of documents obtained from the city regarding Richmond's purported behavior towards supervisory personnel[63] does not immediately mean that Snow had access to those documents.[64] That Snow met with Harrison to discuss "Snow's displeasure with the Roosevelt Police Department,"[65] or that "at or around the time" of this meeting, "one or more of the Defendants" decided to terminate Richmond's employment do not clearly connect Snow a constitutional violation of Richmond's due process rights.[66]

Even if Snow agreed with Harrison to specifically terminate Richmond's employment, the Amended Complaint states in a conclusory manner that Snow did so "in order to deprive Richmond of his rights to due process"—with no allegation that he actual knew or was aware of the real reasons for Richmond's termination.[67] Because the Amended Complaint does not sufficiently plead that it would have been apparent to Snow his conduct might violate Richmond's constitutional right to due process , the claims against Snow do not overcome his qualified immunity. The claims against Snow cannot survive dismissal and therefore cannot remain in the Amended Complaint. Dismissal of these claims without prejudice is appropriate.

---

[63] *Id.* ¶ 23.

[64] *Id.* ¶ 11.

[65] *Id.* ¶ 20.

[66] *Id.* ¶ 21.

[67] Amended Complaint ¶ 45.

**ORDER**

IT IS HEREBY ORDERED that the Motion[68] is GRANTED in part and DENIED in part. The Motion is GRANTED as to the claims against Defendant Harrison and Defendant Roosevelt City. The Motion is DENIED as to the claims against Defendant Snow, which are dismissed without prejudice.

IT IS FURTHER ORDERED that because this memorandum decision and order addresses the sufficiency of the allegations against Defendant Harrison, the pending Motion to Dismiss[69] that was filed prior to the Motion to Amend is MOOT.

IT IS FURTHER ORDERED that because Vaun Ryan and Ryan Snow are no longer parties to the present action, their pending Motion to Quash[70] is also MOOT.

Plaintiff is ORDERED to serve a copy of the First Amended Complaint, reflecting the determinations of this memorandum decision and order, on the applicable parties within 14 days after the entry of this order.

As to Roosevelt City, the service of the First Amended Complaint must be accompanied by the appropriate summons, served in a manner conforming with Rule Fed. R. Civ. P. 4(j)(2). This specific directive is issued under the authority regarding the time limit for service provided under Fed. R. Civ. P. 4(m). Because any defect in the service as to Roosevelt City will be cured, Roosevelt City's pending Motion to Quash[71] is also MOOT.

---

[68] Motion for Leave to File Amended Complaint and Memorandum in Support, docket no. 20, filed Nov. 16, 2017.

[69] Defendant Rick Harrison's Rule 12(B)(6) Motion to Dismiss Plaintiff's Complaint and Memorandum in Support, docket no. 16, filed September 22, 2017.

[70] Defendants Vaun Ryan, Ryan Snow, and Roosevelt City's Motion to Quash for Deficient Service of Process, or, in the Alternative, Rule 12(b)(5) Motion to Dismiss, and Memorandum in Support, docket no. 15, filed September 22, 2017.

[71] Defendants Vaun Ryan, Ryan Snow, and Roosevelt City's Motion to Quash for Deficient Service of Process, or, in the Alternative, Rule 12(b)(5) Motion to Dismiss, and Memorandum in Support, docket no. 15, filed September 22, 2017.

Defendants are to respond to the First Amended Complaint with 14 days after service, as required under Fed. R. Civ. P. 15(a)(3).

Signed September 27, 2018.

BY THE COURT

_____
David Nuffer
United States District Judge